UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOEL D. DEMPSEY,

                        Plaintiff,

v.                                                                     Case No. 20-cv-796-pp

CORRECTIONAL OFFICER PATTERSON,
and CORRECTIONAL OFFICER HAWTHORNE,

                        Defendants.

## ORDER TO SHOW CAUSE

       Plaintiff Joel D. Dempsey, an inmate at the Dodge Correctional Institution, is representing himself in this 42 U.S.C. §1983 lawsuit. When the plaintiff filed his complaint, he also filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. The Prisoner Litigation Reform Act ("PLRA") applies to this case because the plaintiff was incarcerated when he filed it. 42 U.S.C. §1997e(h). Under the PLRA, a plaintiff must pay an initial partial filing fee as a condition of proceeding without prepaying the entire filing fee. 28 U.S.C. §1915(b). For the court to calculate that fee, a prisoner plaintiff must submit a certified trust account statement for the six months preceding the date on which he filed his lawsuit. 28 U.S.C. §1915(a)(2).

       When the plaintiff filed his complaint, he was in the Milwaukee County House of Correction in Franklin, Wisconsin. Dkt. No. 1 at 2. Although he filed the motion for leave to proceed without prepaying the filing fee, he did not provide the court with his trust account statement. On May 28, 2020—the day

1

after the court received the complaint—the clerk's office sent the plaintiff a notice that he needed to file the trust account statement within twenty-one days. Dkt. No. 3. On June 8, 2020, the court received a document showing account activity between March 20, 2020 and May 21, 2020—two months. Dkt. No. 5. In his cover letter, the plaintiff explained that he had not been able to get the statement certified; he did not explain why he sent a statement that covered only two months. Dkt. No. 5-1.

On June 12, 2020, the clerk's office sent the plaintiff another letter, informing him that within twenty-one days he needed to file a trust account statement that covered the period from December 2019 to the present. Dkt. No. 6. On June 22, the court received a letter from the plaintiff responded with a motion for an extension of time to file the statement "due to the House of Corrections failure to correspond to my request to send the courts a certified trust account statement." Dkt. No. 7. The court granted that motion and extended the deadline for the plaintiff to file the six-month trust account statement to July 27, 2020. Dkt. No. 8.

On July 17, 2020, the court received another letter from the plaintiff. Dkt. No. 9. The letter asked whether the House of Corrections had sent the "notarized" copy of his inmate account, and also indicated that the plaintiff had been moved to the Milwaukee County Jail. Id. The plaintiff asked that if the House of Corrections had not "sent in the legal papers that was needed," the court grant him an extension. Id. The court granted that request, giving the

plaintiff a deadline of August 11 by which to file his six-month trust account statement. Dkt. No. 10.

The court did not receive the trust account statement by August 11. It could have dismissed the case at that point. It did not. Two weeks later, on August 27, 2020, the court received yet another letter from the plaintiff. Dkt. No. 11. He again asked for more time "to get [his] inmate certified copy sent to the courts." Id. He also asked to add the Milwaukee County Jail "to [his] claim for injury" and explained that he was trying to hire an attorney. Id. The court granted the motion for an extension of time, giving the plaintiff a deadline of September 21, 2020, but it warned the plaintiff that it was unlikely to grant him another extension absent a showing of good cause. Dkt. No. 12. The court also told the plaintiff that it could not add parties to his complaint and that if he wanted to do so, he was free to file an amended complaint. Id.

The September 21 deadline passed over a month ago and the court has not heard from the plaintiff. The Wisconsin Inmate Locator web site, however, reveals that that on September 21, 2020, the plaintiff was "returned from extended supervision" to Dodge Correctional Institution, and that since then he has been back and forth between Dodge and the Milwaukee Secure Detention Facility. https://appsdoc.wi.gov/lop/detail.do. Given his movement between institutions and the disruptions and delays caused by the COVID-19 pandemic, the court will give the plaintiff a final opportunity to file his six-month certified trust account statement.

The court notes that in each of his requests for extensions of time, the plaintiff has referenced the "certified" or "notarized" copy of his trust account statement. The court is concerned that the plaintiff believes that the roadblock preventing the court from screening his complaint is the fact that the account statement he filed back in June was not certified or notarized. He is correct that that is *one* of the problems. The bigger problem, however, is that the account statement he filed in June covered only the two months prior to the date he filed his complaint. The law requires prisoner plaintiffs to file a trust account statement that covers the *six* months prior to the month in which they filed their complaints. In the plaintiff's case, that would be December 2019 through May 2020. Perhaps the plaintiff was not in custody that entire time— December 2019 through May 2020. If not, he needs to explain that to the court. If he *was* in custody that entire time, the plaintiff must file a certified trust account statement for all six months—December 2019 through May 2020. This case has been pending for six months and the court has not been able to screen the complaint due to the plaintiff's failure to provide the statement. If the court does not receive the plaintiff's *six-month, certified* trust account statement, or an explanation of why he can't provide it, by the deadline the court sets below, the court will dismiss the case on the next business day without further notice or hearing.

The court **ORDERS** that the plaintiff must file a certified copy of his trust account statement for the period **December 2019 through May 2020**, or explain why he cannot do so, in time for the court to *receive* it by the end of the

day on **December 4, 2020**. If the court does not receive either the plaintiff's certified trust account statement for the period from December 2019 through May 2020 or an explanation of why he cannot provide it by the end of the day on December 4, 2020, the court will dismiss the case on the next business day. See Civil L.R. 41(c).

Dated in Milwaukee, Wisconsin, this 6th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**