UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOEL D. DEMPSEY,

        Plaintiff,

  v.

Case No. 20-cv-796-pp

CORRECTIONAL OFFICER PATTERSON,
and CORRECTIONAL OFFICER HAWTHORNE,

        Defendants.

---

**ORDER DISMISSING CASE WITHOUT PREJUDICE**

---

On May 27, 2020, Joel D. Dempsey, representing himself, filed a complaint under 42 U.S.C. §1983, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The next day, the Clerk of Court sent the plaintiff a notice, telling him that he needed to submit a certified copy of his institutional trust account statement for the preceding six months within twenty-one days. Dkt. No. 3. The letter warned the plaintiff that failure to submit the trust account statement within twenty-one days "may result in the Court's dismissal of your case." Id. On June 8, 2020, the plaintiff submitted a trust account statement covering only the two months between March 20, 2020 and May 21, 2020. Dkt. No. 5. On June 12, 2020, the Clerk of Court sent the plaintiff a second letter instructing him to provide a trust account statement

1

for the period of December 2019 through the present within 21 days." Dkt. No. 6 (emphasis omitted).

On June 25, 2020, the court received a letter from the plaintiff asking for additional time to submit the full trust account statement. Dkt. No. 7. The court granted that request and ordered the plaintiff to submit his full trust account statement by July 27, 2020. Dkt. No. 8. The court warned the plaintiff that "[f]ailure to file or ask for more time by the deadline may result in the dismissal of the plaintiff's case without prejudice." Id. On July 17, 2020, the plaintiff requested a second extension of time to submit the full trust account statement. Dkt. No. 9. The court granted that request and ordered the plaintiff to submit his trust account statement by the end of the day on August 11, 2020. Dkt. No. 10. The plaintiff requested a third extension of the deadline and said he would like to file a motion to add the Milwaukee County Jail to his claim. Dkt. No. 11. The court granted the request for an extension of the deadline but cautioned the plaintiff "that it is not likely to grant any further extensions absent a showing of good cause." Dkt. No. 12. The court ordered the plaintiff to file his trust account statement by September 21, 2020. Id. The court instructed the plaintiff that if he wanted to add a party, he needed to file an amended complaint. Id.

By November 9, 2020, the court still had not received a trust account statement or notice from the plaintiff about his inability to file one, so the court ordered the plaintiff to submit his full trust account statement by December 4, 2020; the last line of the order stated that if, by December 4, 2020, the court

2

did not receive the trust account statement or an explanation of why the plaintiff could not file it, "the court will dismiss the case on the next business day." Dkt. No. 13 at 5. A week later, the plaintiff responded to the court's order, explaining that he had submitted a trust account statement for the two months he had been in custody and was "doing the best I can during these hard times." Dkt. No. 14. Yet he still did not include a full trust account statement. On December 3, 2020, the plaintiff submitted the same trust account statement he had filed six months earlier showing his inmate account history for March through May 2020. Dkt. No. 15. A new page of the document listed the plaintiff's inmate balance history for three days: March 6, 2020; July 14, 2020; and August 9, 2020. Id. at 3. The court used that information to calculate an initial partial filing fee of $58.00, which it ordered the plaintiff to pay by January 4, 2021. Dkt. No. 16. The court warned the plaintiff that if he did not pay that fee by January 4, 2021, or show cause for his inability to do so, "he will be held to have withdrawn this case voluntarily, and the case will be closed without prejudice." Id. at 2.

The January 4, 2021 deadline has passed, and the plaintiff has neither paid the $58.00 initial partial filing fee nor explained why he cannot pay it. As the court said in its December 4, 2020 order that it would do, the court now concludes that the plaintiff has voluntarily withdrawn this case.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

The court **ORDERS** that the Clerk of Court must close the case, but must not impose a strike.

Dated in Milwaukee, Wisconsin this 28th day of January, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**